IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIANNE KLUCHER, a minor child, and
EDRIS KLUCHER, guardian and parent of Marianne,**

                Plaintiffs,

v.                                                 CIV. No. 97-0231 JP/JHG

**PORTALES PUBLIC SCHOOL BOARD, a political
subdivision of the State, OLIVIA GARCIA, in her
individual and official capacities, PORTALES POLICE
DEPARTMENT, and OFFICER SNOW, in his individual
and official capacities,**

                Defendants.

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are (1) defendants Portales Public School Board and Olivia Garcia's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 17], and (2) defendants Portales Police Department and Officer Snow's Motion to Dismiss [Doc. No. 19], both filed October 24, 1997. After a careful review of the briefs and the law, I have determined that both motions should be granted in part.

### Background

On February 21, 1997 plaintiff Marianne Klucher filed her complaint against Portales Public School District ("the District"), Portales Police Department ("the Police Department"), and Olivia Garcia, alleging violations of 42 U.S.C. §1983 and one count for invasion of privacy arising from incidents that occurred early in 1994. On June 24, 1997 the Police Department filed an answer to plaintiff's Complaint. The same day plaintiff Marianne Klucher filed her First Amended

Complaint, which joins her mother, Edris Klucher, as an additional plaintiff. This amended pleading sets out more detailed allegations and adds claims for malicious prosecution, conspiracy, and punitive damages. The First Amended Complaint also substitutes the School Board for the Portales Public School District as a defendant and adds Officer Snow as a defendant. On October 24, 1997 the defendants filed their motions to dismiss.

### Portales Public School Board and Olivia Garcia's Motion to Dismiss

*1.     The Count I Constitutional Claims*

Count I of the First Amended Complaint asserts that defendants violated plaintiffs' "constitutional and statutory rights." First, I note that the defendants argue that the plaintiffs' claims against them are barred by the statute of limitations. The defendants assert, and plaintiffs agree, that the statute of limitations for claims of violations of constitutional rights brought under 42 U.S.C. § 1983 is three years. Plaintiff's original Complaint was filed on February 21, 1997. Thus, because the First Amended Complaint relates back to the filing of the original complaint, the defendants School Board and Ms. Garcia cannot be held liable for actions that occurred before February 21, 1994.

Plaintiffs' First Amended Complaint is far from a model of clarity and it is unclear which constitutional claims plaintiffs bring against each defendant. However, plaintiffs appear to claim that the school defendants (1) deprived Marianne Klucher of the fundamental right to a public education in violation of the Fifth and Fourteenth Amendments; (2) violated Marianne Klucher's First Amendment right to write in her notebook; (3) deprived Edris Klucher of her First Amendment right to free speech; (4) violated Marianne Klucher's Fourth Amendment rights by seizing her notebook; and (5) violated Marianne Klucher's right to procedural due process under

2

the Fifth and Fourteenth Amendments.  I will address each of these claims in turn.

Plaintiffs assert no facts in support of their first claim, that defendants deprived Marianne Klucher of the fundamental right to a public education.  Thus, defendants' motion to dismiss this claim should be granted.  However, plaintiffs should be given leave to amend their complaint.  Plaintiffs' Second Amended Complaint should, within the strictures of Federal Rule of Civil Procedure 11 and of the statute of limitations as described above, set forth specific facts in support of their claim that the school defendants deprived Marianne Klucher of a public education, if plaintiffs choose to pursue that claim.

Plaintiffs' second claim, that the school defendants violated Marianne Klucher's First Amendment right to write in her notebook, appears to be based on the seizure of the notebook on January 24, 1994.  This action by the defendants occurred outside the limitations period.  Hence, this claim should be dismissed with prejudice.

Plaintiffs' third constitutional claim is that the defendants deprived Edris Klucher of her First Amendment right to free speech.  Plaintiffs assert no facts in support of this claim beyond the allegation that actions of the defendants described in the First Amended Complaint were taken with the intent to prevent Edris Klucher from exercising her right to speak freely.  This claim is vague, conclusory, and overbroad and should be dismissed.  However, plaintiffs may amend their complaint to set forth, within the confines of Rule 11 and the three year statute of limitations, detailed allegations of specific occasions on which defendants prevented Edris Klucher from exercising her First Amendment rights, if plaintiffs choose to pursue that claim.

In their fourth constitutional claim, plaintiffs assert that the school defendants violated Marianne Klucher's Fourth Amendment rights by seizing her notebook on January 20, 1994.

However, this act occurred outside the three year limitations period. Consequently, this claim should be dismissed with prejudice.

Plaintiffs' final constitutional claim appears to assert that the school defendants violated Marianne Klucher's right to procedural due process under the Fifth and Fourteenth Amendments when she was given detention the week of April 25 through April 29, 1994. Because this took place within the three year limitations period, this claim should not be dismissed.

*2.     The Count II Invasion of Privacy Claim*

In Count II of the First Amended Complaint, plaintiffs claim that the school defendants violated their constitutional right to be free from wrongful intrusions into their private lives by reading and disseminating the contents of Marianne Klucher's notebook.

The Supreme Court has held that the right to privacy safeguards individuals from government disclosure of personal information. See Nixon v. Administrator of Gen'l Serv., 433 U.S. 425, 457, 97 S.Ct. 2777, 2797 (1977); Whalen v. Roe, 429 U.S. 589, 599 & n. 24, 97 S.Ct. 869, 876 & n. 24 (1977). The Tenth Circuit has stated that in determining whether information is of such a personal nature that it demands constitutional protection, a court must consider "(1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). Even assuming that Marianne has a constitutionally protected right to privacy in the contents of her notebook, plaintiffs' claim of invasion of privacy is based upon events that occurred on January 20 and January 24, 1994, well outside the three year limitations period. Consequently, plaintiffs' claim that the school defendants violated Marianne Klucher's right to privacy is barred by the statute of

4

limitations and should be dismissed with prejudice.

3.      *Malicious Prosecution and Conspiracy to Maliciously Prosecute*

Plaintiffs' third claim, although styled "Malicious Prosecution," also appears to include a claim of conspiracy to maliciously prosecute Marianne Klucher.  The Tenth Circuit has recognized that malicious prosecution and conspiracy to maliciously prosecute are separate, viable causes of action under Section 1983.  See Robinson v. Maruffi, 895 F.2d 649, 654 (10th Cir. 1990); Taylor v. Meachem, 82 F.3d 1556, 1560 (10th Cir.), cert. denied, 117 S.Ct. 186 (1996).  However, the First Amended Complaint does not allege facts in support of plaintiffs' contention that the school defendants prosecuted Marianne Klucher and therefore the malicious prosecution claim against the school defendants should be dismissed with prejudice.

The First Amended Complaint makes general and purely conclusory allegations that the school defendants conspired with the police defendants to maliciously prosecute Marianne Klucher.  Conspiracy must be pled with specificity.  As the Tenth Circuit has stated, more than vague and conclusory allegations are needed to state a civil rights claim alleging conspiracy. Hammond v. Bales, 843 F.2d 1320, 1323 (10th Cir. 1988).  The pleading must present specific facts tending to show agreement and concerted action by the defendants who the plaintiff claims engaged in the conspiracy.  Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  Consequently, plaintiff's claim of conspiracy to maliciously prosecute should be dismissed.  However, the plaintiffs should be allowed to amend their complaint to plead their conspiracy claim with specificity, if they can do so consistent with Federal Rule of Civil Procedure 11.

**Portales Police Department and Officer Snow's Motion to Dismiss**

*1.     The Count I Constitutional Claims*

Again, Count I of the First Amended Complaint does not clearly state what the constitutional claims are or which claims plaintiffs are bringing against the police defendants. A close reading of the First Amended Complaint reveals that plaintiffs assert the same constitutional claims against the police as they make against the school defendants.

The first two constitutional claims are that the police defendants deprived Marianne Klucher of the fundamental right to a public education in violation of the Fifth and Fourteenth Amendments and that the defendants deprived Marianne Klucher of her First Amendment right to write in her notebook. Plaintiffs assert no facts in support of either claim. Thus, defendants' motion to dismiss these claim should be granted. However, plaintiffs should be given leave to amend their complaint. Plaintiffs' Second Amended Complaint should, within the strictures of Federal Rule of Civil Procedure 11 and of the statute of limitations as described above, set forth specific facts in support of these claims, if plaintiffs choose to pursue them.

Plaintiffs' third constitutional claim is that the police defendants deprived Edris Klucher of her First Amendment right to free speech. Plaintiffs assert no facts in support of this claim beyond the allegation that actions of the defendants described in the First Amended Complaint were taken with the intent to prevent Edris Klucher from exercising her right to speak freely. This claim is vague, conclusory, and overbroad and should be dismissed. However, plaintiffs may amend their complaint to set forth, within the confines of Rule 11 and the three year statute of limitations, detailed allegations of specific occasions on which the police defendants prevented Edris Klucher from exercising her First Amendment rights, if plaintiffs choose to pursue that

claim.

Plaintiff's fourth constitutional claim asserts that the police defendants violated Marianne Klucher's Fourth Amendment rights on February 24, 1994 by arresting her under the guise of an improperly obtained arrest warrant. This claim falls within the statute of limitations and should not be dismissed.

Plaintiffs' final constitutional claim is that the police defendants violated Marianne Klucher's right to procedural due process under the Fifth and Fourteenth Amendments. However, the First Amended Complaint sets forth no facts in support of this claim against the police defendants. Instead, Plaintiffs alleged that the deprivations of due process were carried out by the school defendants. Therefore, this claim against the police defendants should be dismissed without prejudice. However, if the plaintiffs wish to pursue this claim against the police defendants they should be given leave to amend their complaint if they are able to do so within the confines of Rule 11 and the three year statute of limitations.

2. *The Count II Invasion of Privacy Claim*

Plaintiffs claim that the police defendants violated their right to privacy in the contents of Marianne Klucher's notebook. However, the First Amended Complaint states that the school defendants, not Officer Snow or the Portales Police Department, made the contents of Marianne's notebook public. Because the First Amended Complaint fails to set forth facts on which a constitutional claim of invasion of privacy against the police defendants can be based, the claim should be dismissed with prejudice.

3. *Malicious prosecution and conspiracy to maliciously prosecute*

The plaintiffs claim that the police defendants maliciously prosecuted Marianne Klucher in

violation of her constitutional rights.  The police defendants, in turn, argue that malicious prosecution is a state tort claim for which the statute of limitations has run.  However, the defendants' argument is without merit, as the Tenth Circuit has recognized the viability of malicious prosecution claims under Section 1983.  See, e.g., Wolford v. Lasater, 78 F.3d 484 (10th Cir. 1996); Taylor v. Meacham, 82 F.3d 1556, 1560 (10th Cir. 1996).  Therefore, the three year statute of limitations applies to this claim.  In addition, a cause of action for malicious prosecution accrues only when the underlying criminal proceeding terminates in the plaintiff's favor.  Robinson v. Maruffi, 895 F.2d 649, 654-55 (10th Cir. 1990).  This apparently occurred sometime after June 17, 1994–within the limitations period.  Defendant's motion to dismiss plaintiff's claim of malicious prosecution should be denied.

As explained above, plaintiffs failed to plead with the requisite specificity the existence of a conspiracy by the police defendants to maliciously prosecute Marianne Klucher.  As a result, plaintiffs' conspiracy claim should be dismissed.  However, plaintiffs should be allowed to amend their complaint to allege with specificity a claim of conspiracy to maliciously prosecute if they can do so within the restrictions imposed by Federal Rule of Civil Procedure 11.

THEREFORE, IT IS ORDERED that:

(1) Defendants Portales Public School Board and Olivia Garcia's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 17] is GRANTED as to

    A.    plaintiffs' claims that the defendants deprived Marianne Klucher of a public education, deprived Edris Klucher of First Amendment right to free speech, and conspired to maliciously prosecute Marianne Klucher, and these claims are DISMISSED WITHOUT PREJUDICE;

- B.  plaintiffs' claims that the defendants violated Marianne Klucher's First Amendment right to write in her notebook, violated Marianne Klucher's Fourth Amendment rights by seizing her notebook, violated plaintiffs' right to privacy, and maliciously prosecuted Marianne Klucher, and these claims are DISMISSED WITH PREJUDICE;

(2) Defendants Portales Public School Board and Olivia Garcia's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 17] is DENIED as to plaintiffs' claim that the defendants violated Marianne Klucher's right to procedural due process;

(3) Defendants Portales Police Department and Officer Snow's Motion to Dismiss [Doc. No. 19] is GRANTED as to

- A.  Plaintiffs' claims that the defendants deprived Marianane Klucher of the fundamental right to a public education, deprived Marianne Klucher of her First Amendment right to write in her notebook, deprived Edris Klucher of her First Amendment right to free speech, deprived Marianne Klucher of her right to procedural due process, and engaged in a conspiracy to maliciously prosecute Marianne Klucher, and those claims are DISMISSED WITHOUT PREJUDICE;
- B.  Plaintiff's claim that defendants violated plaintiff's constitutional right to privacy, and that claim is DISMISSED WITH PREJUDICE;

(4) Defendants Portales Police Department and Officer Snow's Motion to Dismiss [Doc. No. 19] is DENIED as to plaintiffs' claims that the defendants violated

9

        Marianne Klucher's Fourth Amendment rights by arresting her and that defendants maliciously prosecuted Marianne Klucher; and

(5)     Plaintiffs may file a Second Amended Complaint in accordance with this Memorandum Opinion and Order no later than July 1, 1998.

_____
UNITED STATES DISTRICT JUDGE